JS-6

[FILED stamp: CLERK, U.S. DISTRICT COURT, OCT 17 2016, CENTRAL DISTRICT OF CALIFORNIA]

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO CASAS, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BELFOR USA GROUP, INC., a Colorado Corporation; and, DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV 14-9591-GHK (MRWx) <br><br> **JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |


Plaintiff Ricardo Casas and Defendant Belfor USA Group, Inc. have reached a settlement of a putative class action. On May 25, 2016, this Court: (1) preliminarily certified a class for settlement purposes; (2) preliminarily approved the terms of the proposed class action; and (3) authorized notice to the Settlement Class of the terms of the proposed Settlement. Having completed the notice process and no objectors having come forward, Plaintiff moves for final approval of a class action settlement of the claims asserted against Defendant, memorialized in the Amended Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"). (Dkt. 41-1.) Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless stated otherwise.

After reviewing the Settlement Agreement, the Motion for Order Granting Final Approval, and other related documents, and having heard the argument of counsel for the respective Parties, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has jurisdiction over the Parties to this action, including all members of the Class as defined in the Settlement Agreement.

2. The Court finds and concludes, for purposes of settlement only, that the proposed Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23. The requirements of Rule 23(a) are satisfied because the Class is so numerous that joinder of all Class members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b)(3) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members, and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, solely for the purposes of effectuating this Settlement, the Court hereby certifies the Class as defined below:

All persons employed by Belfor USA Group, Inc., in California

as non-exempt, hourly paid technicians at any time during the period from September 24, 2010 through January 31, 2016.

3. The Court hereby grants final approval of the Settlement Agreement as it meets the criteria for final settlement approval. The Settlement is fair, adequate, and reasonable; appears to be the product of arms'-length and informed negotiations; and treats all Class members fairly.

4. The Class Notice approved by the Court was mailed to each member of the Class by first-class mail on June 24, 2016. The Notice informed Class Members of the terms of the Settlement, of their right to receive their proportional share of the Settlement without the need to return a claim form, of their right to comment upon and request to be excluded from the Settlement or object to the Settlement, and of their right to appear in person or by counsel at the time of the Final Approval hearing. Follow-up efforts were made to send the Class Notice to those individuals whose original Class Notices were returned undeliverable.

5. The Court has determined that the Notice given to the Class fully and accurately informed the Class of all material elements of the proposed Settlement, constituted the best practicable notice, and fully meets the requirements of Rule 23 and the U.S. Constitution.

6. There were no requests for exclusion from the Settlement. The Court hereby orders that all Class Members have released all claims or causes of action settled under the terms of the Settlement Agreement. All Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly or in any other capacity, that are released by the Settlement Agreement.

7. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court. Class Members who

did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

8. The Settlement embodied in the Settlement Agreement is not an admission by Defendant nor is this Order a finding of the validity of any claims in the litigation or of any wrongdoing by Defendant. Neither this Order, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendant of any fault, wrongdoing, or liability whatsoever.

9. The Court hereby appoints Plaintiff Ricardo Casas as the Class Representative in this action.

10. The Court hereby appoints Cohelan, Khoury & Singer and the Law Office of Sahag Majarian, II as Class Counsel.

11. The Court finds and determines that the Settlement payments to be paid to Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to all Class Members in accordance with the terms of the Settlement.

12. The Court approves the settlement of claims under the California Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 *et seq.*, as set forth in the Settlement Agreement and approves payment to the California Labor and Workforce Development Agency in the amount of $3,750.00 in accordance with the terms of the Settlement Agreement.

13. Plaintiff's application for attorneys' fees and reimbursement of litigation costs is granted as follows: Upon consideration of the relevant factors, the Court grants an award of attorneys' fees in the amount of $122,500.00, representing 25% of the total settlement amount. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The Court grants litigation costs in the amount of $21,194.31.

3

14. The Court awards Class Representative Ricardo Casas a Service Payment of $5,000.00 as fair and reasonable compensation for his services to the Class.

15. The Court further directs payment of $8,000.00 to the Settlement Administrator, Phoenix Settlement Administrators, for services rendered and to be rendered in connection with the completion of its administrative duties pursuant to the Settlement.

16. The Parties are hereby ordered to comply with the terms of the Settlement.

17. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. This Order shall constitute a final judgment with respect to the claims of Plaintiff and the Class for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18. The Court hereby orders that, without affecting the finality of the Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

19. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

20. Immediately upon entry of this Judgment and Order, the operative Complaint in this action shall be dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: 10/17, 2016

_____
Hon. George H. King
United States District Judge